1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                            AT TACOMA

10   THOMAS M. PRIGMORE,

11                    Plaintiff,                CASE NO.     C08-5416JKA

12          v.                                  ORDER AFFIRMING
                                                ADMINISTRATIVE DECISION
13   MICHAEL J. ASTRUE, Commissioner of
     Social Security Administration,
14
                     Defendant.
15

16

17          This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28

18   U.S.C. § 636(c).  This matter has been fully briefed.  Plaintiff brings this action pursuant to 205(g) of the

19   Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the

20   defendant's final decision.  Plaintiff argues in his opening brief the following administrative errors:

21          (i)  the administrative law judge ("ALJ") failed to consider Mr. Prigmore's tremors as "severe"

22   impairments at step-two of the sequential evaluation;

23          (ii) the ALJ failed to properly consider Plaintiff's mental impairments – depression;

24          (iii) the ALJ improperly rejected Plaintiff's testimony; and

25          (iv) the ALJ improperly evaluated the lay evidence from Mr. Prigmore's wife.

26          This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the

27   proper legal standard and there is substantial evidence in the record as a whole to support the decision.

28   Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the record, the court finds and orders as follows:

(1) The ALJ did not err when he concluded plaintiff's tremors and depression were not severe impairments at step-two in the administrative review process.

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added).

Here, the ALJ addressed both the issue of Plaintiff's tremors and depression in his opinion. Plaintiff's hand tremors or shaking is in the evidence based on the testimony of Plaintiff's wife, who stated she wrote the checks to pay bills for her husband due to the shaking of hands. In the present case, there is no diagnosis or medical evidence of hand tremors. Similarly, there is no medical diagnosis or treatment history for depression or any other mental health issue. Dr. Gavin prescribed Paxil for a period of time following Plaintiff's heart surgery, but nowhere does he associate the drug as a treatment for

depression.  It appears to have been prescribed as a medication for hypertension.

To be considered severe within the meaning of the Social Security Act an impairment must be medically determined and cause significant work related limitations.  Edlund v. Massanari, 253 F.3d 1152, 1159-1160 (9th Cir. 2001).  A diagnosis from an acceptable medical source is a prerequisite to a finding that a medically determinable impairment exists.  Ukolov v. Barnhart, 420 F.3d 1002, 1005-1006 (9th Cir. 2005).  The record must include "signs--the results of 'medically acceptable clinical diagnostic techniques,' such as tests--as well as symptoms, i.e., [Plaintiff]'s representations regarding his impairment."  Id., 420 F.3d at 1005 (quoting Social Security Ruling (SSR) 96-4p, available at 1996 WL 374187, at *1 n.2).

Here, several examinations reported no abnormalities regarding Plaintiff's hands, extremities, or musculoskeletal system besides his back (Tr. 143, 171, 181).  The medical evidence also does not include any reference or treatment for depression.  Accordingly, the ALJ properly considered the allegation of impairments due to tremors in Plaintiff's hands and depression as non-severe.

(2) The ALJ did not err when he evaluated Plaintiff's testimony and the statements of Plaintiff's wife.  Questions of credibility are solely within the control of the ALJ.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this credibility determination.  Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984).  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence.  Id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence.  Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief."  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints."  Id.; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  Lester, 81 F.2d at 834.  In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements

concerning symptoms, and other testimony that "appears less than candid." <u>Smolen v. Chater</u>, 80 F.3d 1273,1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. <u>Id</u>. An ALJ must cite reasons germane to the witness in order to properly discredit lay witness testimony. <u>Schneider v. Commissioner</u>, 223 F.3d 968, 976 (9th Cir. 2003).

Here, the ALJ discussed several legitimate reasons for discounting Plaintiff's statements and the severity of Plaintiff's alleged impairments. The ALJ reviewed the allegations in the context of the whole record, including the medical evidence. The ALJ noted Plaintiff's treatment was conservative and effective. The ALJ noted inconsistencies with Plaintiff's reported pain level. Plaintiff's ability to do part-time work was taken into consideration by the ALJ, as well as Plaintiff's daily activity level. Each of these reasons are specific and legitimate basis for the ALJ to make the decision he did. Similarly, the ALJ rejected Plaintiff's wife's statements on the basis of the record as a whole, and specifically because he found her statements were based on Plaintiff's subjective statements, which the ALJ rejected. The medical evidence supports the ALJ's interpretation of the evidence and thus, the ALJ's rejection of the testimony that suggests the severity of Plaintiff 's limitations is greater than that found by the ALJ.

(3) Accordingly, the Court AFFIRMS the Social Security Administration's final decision. The clerk is directed to send copies of this Order to counsel of record.

DATED this 2nd day of December, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge
